# IN THE COURT OF APPEALS OF IOWA

No. 19-1816
Filed April 29, 2020

**TYLER NATHAN TEGGATZ,**
       Petitioner-Appellee,

**vs.**

**BRITTNEY MARIE ELLINGSON,**
       Respondent-Appellant.
_____

       Appeal from the Iowa District Court for Hardin County, James C. Ellefson,

Judge.


       Brittney Ellingson appeals from the district court's custody determination.

**AFFIRMED.**


       Larry W. Johnson of Walters & Johnson, Iowa Falls, for appellant.

       Michael A. Smith of Craig, Smith & Cutler, LLP, Eldora, for appellee.


       Considered by Vaitheswaran, P.J., Doyle and May, JJ.

**MAY, Judge.**

Tyler Teggatz and Brittney Ellingson were never married, but they lived together for about two years. They have a child, E.M.T., who was born in March 2014. Ellingson was E.M.T.'s primary caregiver for the first year. In 2016, when E.M.T. was roughly two years old, the couple ended their relationship. Ellingson moved out and attended school. The couple agreed E.M.T. would remain living with Teggatz. Since then, Ellingson has pursued her education while Teggatz has cared for E.M.T.

In March 2018, Teggatz filed a petition to establish custody, visitation, and child support. The district court ultimately ordered joint legal custody and awarded physical care to Teggatz. Ellingson filed a motion under Iowa Rule of Civil Procedure 1.904(2) requesting the court amend its order and adopt her proposal for joint physical care. The district court denied the motion. She appeals.

"We review the district court's custody determination de novo." *Ruden v. Peach*, 904 N.W.2d 410, 412 (Iowa Ct. App. 2017). "However, we afford deference to the district court for reasons both institutional and pragmatic." *Boatwright v. Lydolph*, No. 18-0532, 2019 WL 719026, at *1 (Iowa Ct. App. Feb. 20, 2019). "This means we give weight the district court's factual findings and will affirm the district court's ruling unless it 'failed to do substantial equity.'" *Id.* (quoting *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017)).

"Physical care issues are not to be resolved based upon perceived fairness to the [*parents*], but primarily upon what is best for the *child*." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). "The objective of a physical care

determination is to place the child[] in the environment most likely to bring [the child] to health, both physically and mentally, and to social maturity." *Id.*

On appeal, Ellingson asks this court to award joint physical care and adopt Ellingson's proposed parenting schedule.[1] The district court determined "[s]hared physical care . . . is not in the best interest of [E.M.T.] because the parties' homes are too widely separated" and "the travel requirements . . . would be deleterious to E.M.T." We agree.

Teggatz and Ellingson appear to co-parent very well. *See id.* 697–99 (noting that the following factors are considerations when deciding whether joint physical care is in the child's best interest: (1) "stability, continuity, and approximation"; (2) the parents' ability to "communicate and show mutual respect"; (3) "degree of conflict between parents"; and (4) "the degree to which the parents are in general agreement about their approach to daily matters"). Both testified the other was a good parent. They are able to communicate well. And both have been flexible with modifying the schedule when the other desired.

Nevertheless, as the district court found, the distance between the parties' homes is a "major obstacle." Courts must consider "[t]he geographic proximity of the parents" when deciding whether joint physical care is appropriate. *See* Iowa Code §§ 600B.40(2) (2018) (providing that when determining custodial provisions for "a child born out of wedlock . . . the court shall consider the factors specified in

---

[1] Ellingson's proposed schedule allows E.M.T. to spend weekdays with Ellingson and weekends with Teggatz. In his brief, Teggatz argues this schedule "is not true shared custody." *See In re Marriage of Hynick*, 727 N.W.2d 575, 579 (Iowa 2007) ("Joint physical care anticipates that parents will have equal, or roughly equal, residential time with the child."). But, because we find joint physical care is not in E.M.T.'s best interest, we decline to address this issue.

section 598.41, subsection 3"), 598.41(3)(h). Teggatz and Ellingson live almost an hour apart. As the district court noted, regardless of which school E.M.T. attends, "she would need to be driven nearly an hour to school and nearly an hour home every school day for half the time." Due to this travel time, joint physical care is not in E.M.T.'s best interest. *See In re Marriage of Scurr*, No. 11-1905, 2012 WL 2122306, at *1 (Iowa Ct. App. June 13, 2012) (declining to award joint physical care because a forty-five minute commute was not in the best interest of the child).

On the other hand, E.M.T. has been thriving in Teggatz's care. *See In re Marriage of Walton*, 577 N.W.2d 869, 871 (Iowa Ct. App. 1998) ("The best interests of the child[] is the first and governing consideration in determining the primary care giver of the child[]."). He has continued to promote E.M.T.'s relationship with Ellingson and Ellingson's family members. *See Hansen*, 733 N.W.2d at 700 ("The parent awarded physical care is required to support the other parent's relationship with the child."). Like the district court said, "it would be a potential mistake . . . to disrupt the existing situation." We affirm the physical care determination.

Next, Teggatz asks us to award him appellate attorney fees. "Appellate attorney fees are not a matter of right but may be awarded as a matter of discretion." *Hensch*, 902 N.W.2d at 827; *see* Iowa Code § 600B.26 ("In a proceeding to determine custody or visitation, or to modify a paternity, custody, or visitation order under this chapter, the court may award the *prevailing* party reasonable attorney fees." (emphasis added)). In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was

obligated to defend the decision of the trial court on appeal. *Hensch*, 902 N.W.2d at 827. Upon consideration of these factors, we decline to award Teggatz appellate attorney fees. Costs shall be divided equally between the parties. *See Ventura v. Zuazua*, No. 14-1179, 2015 WL 1331704, at *3 (Iowa Ct. App. Mar. 25, 2015).

**AFFIRMED.**